UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN M. CLARKE,

                                              Plaintiff,

      -against-

STATEWIDE AUTO REPAIR, INC.
and WILLIAM STEGMAN,

                                          Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-07942 (JMA) (LGD)

**FILED**
**CLERK**
3/17/2025 2:32 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is Plaintiff Steven Clarke's motion for default judgment and other relief pursuant to FED. R. CIV. P. 55(b) against Defendants Statewide Auto Repair, Inc. and William Stegman.[1] (See ECF No. 25.) Plaintiff alleges that Defendants violated his civil rights by committing racially discriminatory acts against him while providing roadside assistance to his car on the night of August 13, 2021. (Id.) Plaintiff seeks monetary relief, compensatory damages, punitive damages, disbursements, costs and fees for the violations of Plaintiff's rights, under claims brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000a, New York State Civil Rights Law § 40, New York State Executive Law § 296, negligence, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Id.) For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part as to Defendants Statewide Auto Repair, Inc. and William Stegman.

---

[1] On March 14, 2025, Plaintiff withdrew his claims against a third defendant, American Automobile Association, Inc. (See ECF No. 27.)

## I. DISCUSSION

### A. Defendants Statewide and Stegman Defaulted

The record reflects that Defendants Statewide Auto Repair, Inc. and William Stegman were properly served in this action but have not answered, appeared, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds these defendants in default.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, those requirements are met.

The allegations in the complaint establish that Defendants Statewide Auto Repair, Inc. and William Stegman are liable under 42 U.S.C. § 1981, New York State Executive Law § 296, New York State Civil Rights Law § 40, negligence, negligent supervision/failure to supervise, assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress. The uncontroverted allegations in the Complaint are sufficient to establish liability for these defendants as to these claims. These defendants have willfully defaulted and failed to present any defenses, no less a meritorious defense. Therefore, the motion for default judgment is granted as to Defendants Statewide Auto Repair, Inc. and William Stegman for these claims.

However, the allegations in the complaint appear to be insufficient to establish liability under 42 U.S.C. § 2000a for Defendants Statewide Auto Repair, Inc. and William Stegman. Title II prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in any "place of public accommodation." 42 U.S.C. § 2000a(a). To bring a Title II claim, a plaintiff

must plead: "(1) that he was deprived of equal use and enjoyment of a place of public accommodation; and (2) facts which demonstrate discriminatory intent." <u>Akyar v. TD Bank US Holding Co.</u>, No. 18-CV-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018). Title II expressly lists the qualifying places of public accommodation:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment, (i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

Plaintiff does not plausibly allege that Defendants Statewide Auto Repair Inc. and William Stegmans' alleged discrimination deprived him of the use or enjoyment of a place of public accommodation. Tow truck companies are conspicuously absent from the list of public accommodations covered by Title II. <u>See</u> 42 U.S.C. § 2000a(b). And that list is "exhaustive, not illustrative." <u>Alexander v. JP Morgan Chase Bank, N.A.</u>, No. 19-CV-10811, 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021). "Because Congress specified the establishments which constitute places of public accommodation under § 2000a, courts in this circuit apply the statute to only those covered establishments." <u>Renxiong Huang v. Minghui.org</u>, No. 17-cv-5582, 2018 WL 3579103 at *3 (S.D.N.Y. July 25, 2018); <u>see also</u> <u>id.</u> (collecting cases). So, Plaintiff's Title II claim against

3

these defendants fails.  Regardless, monetary damages are not available under such a claim under Title II.  See Strober v. Payless Rental Car, 701 F. App'x 911, 913 (11th Cir. 2017).

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED in part and DENIED in part as to Defendants Statewide Auto Repair, Inc. and William Stegman.  The Clerk of the Court is respectfully directed to terminate ECF Nos. 24 and 25.  The Court will issue a separate order scheduling a hearing on damages.

**SO ORDERED.**

Dated:   March 17, 2025
        Central Islip, New York

                                              /s/    (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE